## MILLER v AKRON (city)

Ohio Appeals, 9th Dist, Summit Co

No 2116. Decided July 14, 1933

Slabaugh, Seiberling, Huber & Guinther, Akron, for plaintiff in error.

Gillum H. Doolittle, Dir. of Law, Akron, and Charles D. Evans, Asst. Dir. of Law, Akron, for defendant in error.

POLLOCK, J (7th Dist), sitting in place of WASHBURN, PJ.

## OPINION

By POLLOCK, J.

The negligence of the city which plaintiff alleges in the petition caused his injury, is as follows:

"The plaintiff further says that the defendant was negligent in turning said water upon said street as aforesaid at a time when the weather was at a temperature below freezing, as above stated, and that such negligence of the defendant was the direct and proximate cause of the plaintiff's injuries and the results therefrom as above stated."

There was an answer filed, which, so far as we are now concerned, may be considered as a denial of the negligent act of the city.

The errors complained of are in the court refusing to charge plaintiff's requests Nos. 1 and 2 and charging defendant's request No. 5, and also in the general charge. The requests of plaintiff which he claims it was error for the court to refuse to give, were charges which would make the city liable if the acts of the firemen in turning on the water in the hydrant were negligent acts, and the defendant's requests given, and the error complained of in the general charge, relieved the city from liability for the acts done by the firemen in the performance of their official duty while inspecting the water hydrants, even if the firemen were negligent in the manner of performing the inspections.

It appears that the fire department inspects the water hydrants once a month, and that the two firemen who turned on this water were then engaged in making the monthly inspection. Whether there was error as claimed, depends upon whether the city is liable for an injury caused by the negligent act of a fireman while in the discharge of his duty.

It is a well-known rule in this state that a municipality is not liable for government-

al acts done by its employees, but is liable for negligence in the performance of a ministerial or proprietary act.

City of Akron v Butler, 108 Oh St 122.

In Aldrich v City of Youngstown, 106 Oh St 342, it was announced that the creation and maintenance of a police department are done in the exercise of a governmental function and that the performance of an act by an official of such department is not the performance of a ministerial act for which the municipality becomes liable; and further in this case it was announced that a municipal corporation is not, in the absence of statutory provision, liable to one for the negligent act of the police department. These principles are well settled in this state.

We next turn to determine whether the acts of a fireman, done in the performance of his duties as such fireman, are of a ministerial or governmental nature. The Supreme Court, in the case of Wheeler v City of Cincinnati, 19 Oh St 19, said:

"The power conferred by the statute, on cities of this state, to organize and regulate fire companies, and provide engines, etc., for extinguishing fires, is, in its nature, legislative and governmental; and a city is not liable to individuals for damage resulting from a failure to provide the necessary agencies for extinguishing fires, or from the negligence of officers or other persons connected with the fire department."

Again the Supreme Court announced, in the case of Frederick, Admrx. v City of Columbus, 58 Oh St 538, that a municipal corporation, in the absence of a statutory provision, is not liable in damages to one injured by the negligent acts of its fire department.

Frederick, Admrx. v City of Columbus, supra, was overruled in Fowler, Admrx. v City of Cleveland, 100 Oh St 158. In the latter case it was held that, in case of an injury caused to another by the wrongful act of a member of the fire department of the city, while performing a purely ministerial act, the principal of respondeat superior applies, and that the municipality is liable.

But Fowler, Admrx. v City of Cleveland, supra, was later overruled in Aldrich v Youngstown, supra, and Frederick, Admrx. v City of Columbus, supra, followed and approved.

"1. Streets and highways are public and governmental institutions, maintained for the free use of all citizens of the state, and municipalities while engaged in the improvement of streets are engaged in the performance of a governmental function."

City of Wooster v Arbenz, 116 Oh St 281.

The only statutory provision extending liability of a municipality for injuries caused by the condition of the street is §3714, GC, which requires municipalities to keep their streets, etc., open, in repair and free from nuisance. While no claim was made in the petition that the city had failed to perform this duty or that the street at the point where this accident happened was not free from nuisance, that issue was raised in the argument of the case in this court.

We find that the court below charged regarding this section of the Code and gave the proper instructions as to the liability of a city for failure to keep its streets open, in repair and free from nuisance. There must either be actual notice to the department whose duty it is to keep the streets free from nuisance, or the nuisance must have been in the street for such a length of time that in the exercise of ordinary care the city, through these officials, would have known of the nuisance in the street.

It is claimed that the city did have notice of this nuisance through these firemen.

There is no statute, and no ordinance proven, that it is the duty of a fireman to notify the proper officials of a city of any defect or nuisance in the street when such fireman becomes aware of it, and in the absence of proper legislation to that effect, the city would not be liable even if these firemen knew of the condition of the street at that crossing and failed to report it.

City of Cleveland v Payne, 72 Oh St 347.

But in addition to this, we do not find that there is any evidence that the two firemen who were engaged in inspecting this hydrant and caused the water to flow upon the street, had any knowledge that the water extended to the point where plaintiff was injured. As we have stated, there is quite a rise in the street from the place where the plaintiff was injured, to the hydrant. It is also in evidence that the center of the street raises, or there is a drop from the center to the curb, and at least one, if not more, catch basins, in the street between the hydrant and the point in the street where plaintiff was injured. There is no evidence that the firemen engaged in this work knew that this water ran down to the point where the plaintiff was injured, and in view of the condition

of the street and the existence of the catch basins, we do not believe they would be required to so know in the exercise of ordinary care, even if their knowledge were the knowledge of the city, which we think it was not.

We find no error appearing in the record to the prejudice of the plaintiff in error, and the judgment of the court below is affirmed. Exceptions noted.

FUNK and STEVENS, JJ, concur in judgment.